# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RONALD GASPARDO, and
PAULA BALDWIN,

                        **Plaintiffs,**

v.                                       **Case No. 12-C-823**

LIGHTHOUSE RECOVERY ASSOCIATES LLC,

                        **Defendant.**

# DECISION AND ORDER

This matter is before the Court on the motion for "entry of default" pursuant to Rule 55(a) of the Federal Rules of Civil Procedure filed by Plaintiffs Ronald Gaspardo and Paula Baldwin (collectively the "Plaintiffs") against the sole remaining Defendant,[1] Lighthouse Recovery Associates LLC ("Lighthouse"). (ECF No. 8.) The motion relies upon the affidavit of counsel. (ECF No. 8-1.) The Plaintiffs request $2,000 in statutory damages, $2,660 in attorney fees, and $610.25 in costs.

The current motion for default was preceded by a February 19, 2013, "motion for default judgment" against Lighthouse. The electronic filing entry describes the document

---

[1]Previously, by a January 31, 2013, Decision and Order, the Court dismissed two of the Defendants, Halsted Financial Services LLC ("Halsted") and OCR LLC ("OCR"), for want of prosecution because, after having been warned by the Court, the Plaintiffs failed respond to the Court's letter asking whether those Defendants had been served or that the Plaintiffs show good cause for the failure to serve them. (ECF No. 4.)

as a motion for default judgment.  However, in substance, it is a motion for default.  *See* Fed. R. Civ. P. 55(a).  On February 19, 2013, the Clerk of Court entered default.

*Analysis*

Because default was previously entered, the Plaintiffs are actually seeking entry of *default judgment* by the Court.  The misnomer of the Plaintiffs' filings emphasizes the need to explain the procedure under Rule 55 of the Federal Rules of Civil Procedure — a two-stage process — for obtaining (1) entry of default, and then, (2) default judgment.  *See In re Catt,* 368 F.3d 789, 793 (7th Cir. 2004);  Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 10A *Federal Practice and Procedure*, Civil 3d § 2682 (West 1998).  The first stage, as indicated by Rule 55(a), is "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  *See* Fed. R. Civ. P. 55(a).  Thus, a party files a request for entry of default.

The second stage, as indicated by Rule 55(b), involves two alternative approaches for obtaining default judgment.   If the plaintiff's claim is for a "sum certain" or an amount that can be made certain by computation, the clerk must enter judgment upon the plaintiff's request, with an affidavit showing the amount due.  *See* Fed. R. Civ. P. 55(b)(1). In all other cases, the party must apply to the court for a default judgment. *See* Fed. R. Civ. P. 55(b)(2). In this case, because the Plaintiffs seek entry of default judgment by the Court, Rule 55(b)(2) applies.

2

The determination of whether to enter default judgment is a matter of the Court's discretion. *See O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993). In resolving the motion, this Court may consider factors including the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are present, whether the default is largely technical, whether the plaintiffs have been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt. *See* 10A Wright, Miller, & Kane, *Federal Practice and Procedure*, § 2685.

The amount of money involved in this action for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, is not great when measured in the context of the civil actions that come before this Court. The FDCPA is designed to protect consumers from the unscrupulous antics of debt collectors, irrespective of whether a valid debt actually exists. *See Mace v. Van Ru Credit Corp.,* 109 F.3d 338, 341 (7th Cir. 1997). Although the FDCPA protects important public interests and the FDCPA violations were certainly problematic for the Plaintiffs, this action does not involve material issues of fact or issues of large public importance.

Lighthouse's default is clear. It was served with the summons and Complaint on August 21, 2012. Lighthouse's answer or other responsive pleading was due on September 11, 2012. Lighthouse has not appeared in this action. Any prejudice to the Plaintiffs by the delay does not favor entry of default judgment. The Plaintiffs have delayed this action by their

3

own inaction.  The action, filed on August 13, 2012, has proceeded haltingly and, following

the initial service of Lighthouse, only in response to prodding in the form of the Court's

January 31, 2013, Order and April 5, 2013, letter (*See* ECF No. 7 ).  Furthermore, the grounds

for default under the FDCPA are well established.  Having considered the relevant factors, the

Court will exercise its discretion and grant default judgment as to Lighthouse's liability for its

violation of the FDCPA.  *See e360 Insight v. The Spamhaus Project,* 500 F.3d 594, 602 (7th

Cir. 2007).

While the well-pleaded allegations of the complaint with respect to liability are

taken as true, the amount of damages must still be proved.  *Wehrs v. Wells,* 688 F.3d 886, 892

(7th Cir. 2012).  The Court must conduct an inquiry in order to ascertain the amount of

damages with reasonable certainty.  *In re Catt,* 368 F.3d at 793.  However, in cases where

damages are capable of ascertainment from definite figures contained in the documentary

evidence or in detailed affidavits, a hearing is unnecessary.  *See O'Brien*, 998 F.2d at 1404;

*e360 Insight*, 500 F.3d at 602.

Section 1692k(a) of Title 15 of the United States Code allows for the award of

any actual damages; in the case of any action brought by an individual, statutory damages not

to exceed $1,000; and the costs of the action, together with a reasonable attorney fee as

determined by the court.  "The FDCPA does not require proof of actual damages as a

precursor to the recovery of statutory damages."  *Keele v. Wexler*, 149 F.3d 589, 593 (7th Cir.

1998).  In assessing whether part or all of the $1,000 in statutory damages shall be awarded,

4

the court generally is to consider the frequency and persistence of non-compliance by the debt collector, the nature of such non-compliance, and the extent to which the non-compliance was intentional. 15 U.S.C. § 1692k(b)(1); *see also Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995).

As previously noted, the Plaintiffs request statutory damages of $2,000, indicating that $1,000 per plaintiff is a typical award under the statute. The Complaint establishes that for a four- to five-month period, beginning May 11, 2012, Lighthouse repeatedly called the Plaintiffs regarding an alleged debt. At times these calls were made in the early morning or late evening hours. The Plaintiffs told Lighthouse that they wanted verification of the debt and to stop calling. Lighthouse verbally agreed to provide verification of the debt. However, it did not do so and continued to call. Lighthouse's failure to verify the debt as verbally agreed also suggests that its noncompliance was intentional. The Plaintiffs' request for statutory damages of $1,000 for each of them is reasonable, based on the frequency, persistence, and intentional nature of Lighthouse's violations of the FDCPA.

Plaintiffs who prevail under the FDCPA are entitled to an award of costs and reasonable attorney's fees. *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 856 (7th Cir. 2009). The general rules for calculating awards of attorneys' fees under fee-shifting statutes apply to awards of such fees under the FDCPA. *See id.* The starting point is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. *See Gastineau v. Wright,* 592 F.3d 747,

5

748 (7th Cir. 2010) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433-37 (1983)). If necessary, a court has the flexibility to "adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Id.* (citation omitted). "The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case." *Connolly v. Nat'l Sch. Bus. Serv., Inc.,* 177 F.3d 593, 597 (7th Cir. 1999) (quoting *Bankston v. Illinois,* 60 F.3d 1249, 1256 (7th Cir.1995)). The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed. *See Spegon v. Catholic Bishop of Chi.,* 175 F.3d 544, 550 (7th Cir. 1999).

The Plaintiffs' request for costs of $610.25 and attorney fees of $2,660, is not supported by any itemization. Cost and attorney fees are awarded, however the Plaintiffs have not provided essential documentation so as to permit the Court to determine the amount of those awards. The Plaintiffs have not filed itemized statements of their costs or itemized statements showing the tasks performed by their attorneys and the time expended on each of those tasks. Nor have they provided any information regarding their attorney's actual billing rates for comparable work or the rates similar experienced attorneys in the community charge clients for similar work. The Plaintiffs will need to provide additional information to enable this Court to determine the reasonableness of the amount of attorney fees requested.

The Plaintiffs may file a bill of costs with the Clerk of Court. Rule 54(d) of the Federal Rules of Civil Procedure states: "Unless a federal statute, these rules, or a court order

6

provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing

party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days,

the court may review the clerk's action." As explained in *Congregation of the Passion, Holy*

*Cross Province v. Touche, Ross & Co.,* 854 F.2d 219, 222 (7th Cir. 1988):

> [b]y allowing the clerk to tax costs and the court to then review
> that taxation, Rule 54(a) establishes a procedure permitting taxing
> of costs without involving the district court judge, while still
> allowing the judge to exercise his discretion if either party
> complains (citing 10 C. Wright, A. Miller, & M. Kane, *Federal
> Practice and Procedure* § 2679, at 395 (2d ed. 1983) ("The
> function of the court in the process of taxing costs is merely to
> review the determination of the clerk"); 6 J. Moore, W. Taggart,
> & J. Wicker, *Moore's Federal Practice* ¶ 54.77[9], at 54–486 (2d
> ed.1988) ("The taxing of routine costs can and should ordinarily
> be settled by the clerk, without bothering the court by a
> subsequent motion for review.")

Additionally, section 1920 of Title 28 of the United States Code provides: "[a]

bill of costs shall be filed in the case." This requirement is mirrored in Civil L.R. 54

(E.D.Wis.) which states that "no later than 14 days after the entry of judgment, the party in

whose favor a judgment for costs is awarded or allowed by law and who claims the party's

costs must file the party's bill of costs and serve the bill of costs on all opposing parties."

The Plaintiffs' motion for default judgment (ECF No. 8) is granted as follows:

Lighthouse is liable to the Plaintiffs for violating the FDCPA and each plaintiff is awarded

$1,000 in statutory damages, for a total of $2,000 in statutory damages; attorney fees and costs

are also awarded, the amount to be later determined.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY**

**ORDERED THAT**:

The Plaintiffs' motion for default judgment against Lighthouse (ECF No. 8) is

**GRANTED** to the extent that the Lighthouse is liable to the Plaintiffs for violating the

FDCPA and each Plaintiff is awarded $1,000 in statutory damages for a total of $2,000 in

statutory damages; attorney fees and costs are also awarded, consistent with this opinion.

This action is **TERMINATED**.

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 10th day of May, 2013.

**BY THE COURT**

_____

**Hon. Rudolph T. Randa**
**U.S. District Judge**

8